CHARLES RAY DOSS, by and through his Next Friend, MATTIE DOSS *v.* MARJORIE CASE SEWELL and DOUGLAS DOSS.

(Filed 15 June 1962.)

1. **Courts § 20—**

In an action in this State to recover for injuries received in an automobile accident occurring in another state, the substantive law of such other state controls.

2. **Automobiles § 47—**

Under the laws of the State of Virginia, a gratuitous passenger in an action in which there is no allegation of wilful and wanton disregard of the safety of the passenger and no plea of contributory negligence, is entitled to recover upon a showing of gross negligence.

3. **Same— Evidence held sufficient to be submitted to jury on issue of gross negligence of driver.**

Evidence tending to show that a driver, en route to a city requiring a right turn at an intersection, approached the intersection at a speed between 95 and 100 miles per hour along a road only 18 to 20 feet wide, reduced speed to 60 or more miles per hour at the intersection, disregarding a luminous stop sign and a directional sign, missed the paved portion of the crossing, skidded over the south lanes of the intersecting four-lane highway, across the grass median, and across the north lanes, and crashed into a bank, to the injury of his passenger, *is held* sufficient to be submitted to the jury under the laws of the State of Virginia on the issue of gross negligence of the driver.

4. **Appeal and Error § 24—**

Each exception to the charge should relate to a single principle of law and pinpoint a specific objection, and an exception to a long excerpt from the charge embracing a number of propositions cannot be sustained if any one of the propositions is correct.

5. **Same—**

The right to object to the court's statement of the contentions of a party is waived when the matter is not brought to the attention of the trial court before verdict.

6. **Appeal and Error § 42—**

An exception to the charge will not be sustained if the charge is without prejudicial error when construed contextually.

7. **Parent and Child § 4—**

Where a parent, as next friend, brings an action to recover damages for negligent injury to a child, including hospital and medical expenses, the parent waives the right to maintain a separate suit to recover such medical expenses, and they may be included in the award of damages in the action in behalf of the child.

Appeal by defendants from *Phillips, J.,* November 20, 1961 Civil Term, Rockingham Superior Court.

Charles Ray Doss, by his mother as Next Friend, instituted this civil action to recover damages for the personal injuries which he received as a result of an automobile wreck at the intersection of north-south highway No. 863 and east-west highway No. 58, near Danville, Virginia.

The plaintiff alleged and offered evidence tending to show that on the night of May 26, 1959, he was a nonpaying guest passenger in a 1953 Ford sedan owned by the defendant, Marjorie Case Sewell, and at the time of the wreck was being driven with the consent of the owner by the defendant, Douglas Doss, age 17, brother of the plaintiff. In addition to the plaintiff, who was then 14, two of the owner's minor sons and another boy, Michael Turner, were riding in the vehicle. Before leaving the Sewell home, Julius Sewell requested his mother for the keys to the Ford to take the two Doss boys, Michael Turner, and a younger brother of Julius Sewell to a drive-in theater near Reidsville. Mrs. Sewell gave the keys to Julius who, in her presence, delivered them to Douglas Doss who got under the wheel in her presence. The other four teen-age boys also got in the vehicle. Before starting for the theater, Mrs. Sewell gave them directions about what time to return.

The members of the party had seen the picture showing at the theater. They decided to visit another some distance away. At the second theater they found they did not have enough money for all to be admitted and decided to drive on to still another near Danville, Virginia. Highway No. 863 is paved and is 18-20 feet wide. No. 58 is a dual highway, the north lanes, 24 feet wide, are for west-bound traffic. The south lanes, also 24 feet wide, are for east-bound traffic. Separating the two lanes is a grass plot or median, 31 feet wide.

On the night of the accident the Ford driven by Douglas Doss approached the intersection from the south on 863. A directional sign indicating Danville to the right and Martinsville to the left was in place on the right side of 863, approximately 60 feet south of 58. From this sign north, the entrance into 58 gradually widened. A traffic island 35 feet long divided this entrance. Near the north end of the traffic island there was a large, reflecting, luminous stop sign.

The boys were not acquainted with the roads. The Ford driven by Douglas Doss approached the intersection at great speed—95 to 100 miles per hour. One of the Sewell boys had requested the driver to slow down. The others, including the plaintiff, tended to encourage the speed. However, whether from the discovery of the crossing or in compliance with young Sewell's request, the driver did reduce speed and entered the intersection at 60 or more miles per hour. Skid marks, beginning south of the actual crossing, continued for 168 feet to the

DOSS *v.* SEWELL.

north bank of the road. The vehicle missed the paved part of the crossing, ran across the grass median, knocked down a post, struck a drainage culvert in this grass plot, skidded across the north lanes, and crashed into the bank at the side of the highway. The plaintiff was seriously injured.

The plaintiff alleged his injuries were proximately caused by the defendants' gross negligence and their wanton and wilful disregard for his safety. He alleged serious and permanent injuries, pain, suffering, hospital and medical bills incurred in the necessary treatment of his injuries.

The defendant, Mrs. Marjorie Case Sewell, by separate answer, admitted "that on May 26, 1959, the defendant Marjorie Case Sewell authorized the defendant Douglas Doss to operate her automobile in taking her sons, Tommy Sewell and Julius Sewell, to the Midway Drive-in Theater outside of Reidsville." Other material allegations were denied. No affirmative defenses were interposed.

The defendants did not offer evidence. The court overruled motions for nonsuit. The following issues were submitted to and answered by the jury as indicated:

> "1. Was the plaintiff Charles Ray Doss injured by the gross negligence of the defendants, or the wilful and wanton disregard of the safety of the plaintiff by the defendants, as alleged in the complaint?
>
> "Answer: Yes.
>
> "2. What amount of damages, if any, is the plaintiff Charles Ray Doss entitled to recover?
>
> "Answer: $5,500.00."

From the judgment in accordance with the verdict, the defendants appealed.

*Gwyn & Gwyn by Allen H. Gwyn, Jr., for plaintiff appellee.*
*Jordan, Wright, Henson & Nichols by Luke Wright for defendants, appellants.*

HIGGINS, J. The defendants' first assignment of error is addressed to the court's refusal to grant their motion for nonsuit at the close of the plaintiff's evidence. The assignment requires us to determine whether the evidence, and the legitimate inferences from it, together with admissions in the pleadings, are sufficient to support a finding the plaintiff's injuries resulted from the defendants' gross negligence.

The accident occurred in Virginia. Liability, or lack of it, must be determined according to the substantive law of that State. *Morse v.*

*Walker,* 229 N.C. 778, 51 S.E. 2d 496; *Wise v. Hollowell,* 205 N.C. 286, 171 S.E. 82. The Virginia guest statute (Code, Sec. 8 686-1) provides:

> "No person transported by the owner or operator of any motor vehicle as a guest without payment for such transportation, and no personal representative of any such guest so transported, shall be entitled to recover damages against such owner or operator for death or injuries to the person, or property of such guest, resulting from the operation of such motor vehicle unless such death or injury was caused or resulted from the gross negligence or wilful and wanton disregard of the safety of the person, or property of the person, being so transported on the part of such owner or operator."

The Supreme Court of Appeals of Virginia has defined gross negligence and wilful and wanton disregard for safety in many cases, among them, *Crabtree v. Dingus,* 194 Va. 615, 74 S.E. 2d 54: "Gross negligence, as we have often said, is that degree of negligence which shows an utter disregard of prudence amounting to complete neglect of the safety of another . . . the element of culpability which characterizes all negligence is in gross negligence magnified to a high degree as compared with that present in ordinary negligence. . . . It has been described as such heedless and reckless disregard of the rights of another as should shock fair-minded men." In *Thomas v. Snow,* 162 Va. 654, 174 S.E. 837, the court said: "Gross negligence is a manifestly smaller amount of watchfulness and circumspection than the circumstances require of a person of ordinary prudence. But it is something less than the wilful, wanton, and reckless conduct which renders a defendant who has injured another liable to the latter even though guilty of contributory negligence. * * * It is important to mark the distinction between acts or omissions which constitute gross negligence and those which are termed wilful or wanton, because it is usually held that in the former contributory negligence on the part of plaintiff will defeat recovery, while in the latter it will not." *Bates v. Thompson,* 200 Va. 501, 106 S.E. 2d 728; *Young v. Dyer,* 161 Va. 434, 170 S.E. 737; *Jones v. Massie,* 158 Va. 121, 163 S.E. 63; *Sibley v. Slayton,* 193 Va. 470, 69 S.E. 2d 466; *Hale v. Hale,* 219 N.C. 191, 13 S.E. 2d 221; *Altman v. Aaronson,* 231 Mass. 588, 121 N.E. 505, 4 A.L.R. 1185.

As the pleadings are cast in this action, we may eliminate the question of wilful and wanton disregard of safety. Gross negligence is alleged in the complaint and denied in the answer. Contributory negligence is not interposed as a defense. Consequently the finding of gross negligence is in itself sufficient to support the verdict. On the other

hand, if contributory negligence had been alleged and found by the jury, the additional issue of wilful and wanton injury then would be material, but not otherwise. Consequently liability is fixed by the finding of gross negligence.

In this case the evidence disclosed the plaintiff, his older brother, Douglas Doss, and Michael Turner, all teen-age boys, were guests, or at least visitors, at the home of the defendant, Marjorie Case Sewell. Mrs. Sewell's son asked his mother for the use of the family automobile to take the boys, including his younger brother, to a drive-in theater near Reidsville. Mrs. Sewell gave the keys to Julius, who, in her presence, gave them to Douglas Doss. The five boys — Douglas Doss driving — left for the theater after Mrs. Sewell gave them instructions about the time for their return.

The drive-in was showing a picture the boys had previously seen. They drove to another theater near Leaksville. After ascertaining they did not have enough money for all to gain admission, they decided to go to another across the line in Virginia. On this stage of the journey the wreck occurred.

It was dark. The party approached the intersection from the south at a rate of speed between 95 and 100 miles per hour over a road, the surface of which was only 18-20 feet wide. The younger of the Sewell boys requested Douglas to slow down. The others, including the plaintiff, apparently encouraged the speed. However, a short distance south of the intersection protected by a stop sign, the driver began to reduce speed and entered the intersection at 60 or more miles per hour. The driver failed to see, or disregarded, the directional sign 62 feet south of the intersection. He failed to see, or disregarded, the luminous stop sign at the end of the traffic island. He missed the paved portion of the crossing, skidded over the south lanes, across the grass plot, knocked down a post, jumped the drainage ditch in the grass median, skidded across the north lanes, and crashed into the bank. Was the driver guilty of gross negligence under Virginia Law? Such operation of a vehicle with five boys aboard would shock fair-minded men. At least there would be a difference of opinion.

In *McDowell v. Dye*, 193 Va. 390, 69 S.E. 2d 459, the Supreme Court of Appeals of Virginia said: "The trial judge and the jury . . . saw the witnesses while . . . testifying. . . . In such instances they have the advantage over an appellate court. . . . Whether the conduct of a person operating an automobile amounted to gross negligence . . . depends upon the facts and circumstances surrounding the operation . . . If reasonable men may differ upon the question then a jury problem is presented."

The assignment of error No. 1, based on exceptions 1 and 2 for

failure of the court to enter judgment of compulsory nonsuit, cannot be sustained. The defendant, Mrs. Sewell, did not tender an issue as to the agency of Douglas Doss and stated she was not contesting the question of agency. The evidence was sufficient to require the jury to determine whether the plaintiff was injured by the gross negligence of Douglas Doss.

The defendants' assignment of error No. 2, based on exception No. 3, involves three full pages of the charge dealing with definitions of negligence, gross negligence, and proximate cause. Assignment No. 4, based on exception No. 5, involves more than seven pages of the charge dealing with damages for temporary and permanent injury, pain, suffering, etc. These objections are broadside. They fail to pinpoint the specific objections. "Each exception to the charge required by the statute (The Code, § 550, now C.S. 643) shall be stated separately in articles 'numbered,' and no exception should contain more than one proposition, else it is not 'specific' and must be disregarded." *Rawls v. Lupton,* 193 N.C. 428, 137 S.E. 175; *Gwaltney v. Assurance Society,* 132 N.C. 925, 44 S.E. 659; *Barefoot v. Lee,* 168 N.C. 89, 83 S.E. 247. "This exception falls under the condemnation of the necessary rule of appellate practice that an exception must point out some specific part of the charge as erroneous, and that an exception to a portion of a charge embracing a number of propositions is insufficient if any one of the propositions is correct." *Powell v. Daniel,* 236 N.C. 489, 73 S.E. 2d 143, citing many cases.

Assignments of error Nos. 2 and 4 are not presented in accordance with the rules. They are not sustained.

Assignment of Error No. 3 involves the statement of plaintiff's contentions. Such objections should be called to the attention of the court before verdict — otherwise they are deemed to have been waived. *Millikan v. Simmons,* 244 N.C. 195, 93 S.E. 2d 59; *Peek v. Trust Co.,* 242 N.C. 1, 86 S.E. 2d 745; *Moore v. Bezalla,* 241 N.C. 190, 84 S.E. 2d 817.

Assignments of error 5 and 6 involve alleged failure of the judge to review the testimony and to give equal stress to the contentions of the parties. These assignments are general rather than specific. However, the charge, when considered contextually, presents a clear, accurate, and fair picture of the duties and liabilities of the parties on the issues in the case.

The plaintiff, by his mother as next friend, pleaded as an item of damage the medical, surgical, and hospital bills incurred in the necessary treatment of the injury. The court permitted the doctors to testify as to treatment and their charges, which amounted to approximately $500.00. Necessary medical expense of an unemancipated infant is the

responsibility of the father, if living, of the mother if he is not. A separate cause of action for recovery of such expenses exists in favor of the parent. *Ellington v. Bradford*, 242 N.C. 159, 86 S.E. 2d 925; *Thompson v. Lassiter*, 246 N.C. 34, 97 S.E. 2d 492; *Williams v. Stores Co.*, 209 N.C. 591, 184 S.E. 496. When the parent in whom the cause of action exists is the next friend and participates in the trial in which an award is made to the infant for medical expenses, the participation is a waiver of the parent's right. *Pascal v. Transit Co.*, 229 N.C. 435, 50 S.E. 2d 534.

The infant's right to recover medical expenses was raised by the defendants' brief after the docketing of this appeal. Both the mother, individually, and the father, Talmadge Doss, filed in this Court an express waiver of their right to recover medical expenses incident to the treatment of their son's injuries. Moreover, G.S. 44-49 provides for a lien in favor of the physician or surgeon upon the fund recovered on account of the injury. It is immaterial to the defendants whether the infant or the parent asserts the claim. The parents' waiver of the right to recover medical expenses is a bar and precludes them hereafter from asserting such a claim.

The Clerk will certify the waiver to the Superior Court of Rockingham County to be filed as a part of the record. Otherwise, in the trial, we find

No error.