# Richmond

WARD ALFORD, T/A AL'S CAB V. ROBERT O. FRYE.

March 9, 1964.

Record No. 5686.

Present, All the Justices.

*M. Wallace Moncure, Jr.* (*G. H. Branaman; Humes J. Franklin,* on brief), for the plaintiff in error.

*Wayt B. Timberlake, Jr.,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This is the second time this case has been before us. See *Robert O. Frye* v. *Ward Alford, trading as Al's Cab,* 203 Va. 461, 125 S.E. 2d 177.

Frye filed his motion for judgment against the cab owner seeking

damages for personal injuries sustained in an accident which occurred in the city of Waynesboro between a truck operated by Frye and one of the defendant's taxicabs. Frye alleged that the accident was proximately caused by the negligence of the cab owner. The cab owner filed grounds of defense together with a counterclaim alleging that he was entitled to recover for damages to his cab.

The case was tried first in the circuit court on February 27, 1961 where, at the conclusion of all the testimony, the court struck the evidence ruling that both drivers were guilty of negligence as a matter of law and that as the negligence of both proximately caused the accident neither could recover. Frye excepted to the ruling and the judgment order entered thereon and upon petition we granted him a writ of error.

On appeal we reversed the judgment of the trial court and remanded the case for a new trial on the ground that the question whether or not Frye was guilty of negligence which proximately caused the accident was one of fact for the jury.

The case came on again to be heard in the circuit court on the 11th day of September 1962, resulting in a jury's verdict for plaintiff Frye in the sum of $25,000.00. Judgment was entered on this verdict over the objection of the cab owner to whom we granted a writ of error.

The sole issue in the case is whether or not the court erred in granting instruction No. 1[a] over the objection of the cab owner. The cab owner contended that the instruction did not follow the mandate of this Court which was to the effect that the question of Frye's negligence, or lack of negligence, was for the jury to decide; that the instruction as given presented no issue to the jury; that it was a finding instruction which simply told the jury to find for the plaintiff upon the recitation of facts as related by plaintiff Frye without in any way qualifying the instruction to the effect that before Frye could recover he would have to be free from contributory negligence or that he acted as a reasonably prudent person

---

[a] The Court instructs the jury that, if they believe from the evidence that the plaintiff, Robert O. Frye, while traveling on Laurel Avenue, approached its intersection with Mulberry Street at a prudent and lawful rate of speed, that before entering the intersection he looked at his right, and could see for a reasonable distance on Mulberry Street and the defendant's driver was not in sight, that, after entering the intersection, he then saw defendant's taxi-cab approaching on Mulberry Street at a negligent and unlawful rate of speed and that the taxi-cab driver thereafter negligently drove his cab into and against the plaintiff's truck, the jury shall find for the plaintiff, Robert O. Frye.

would have acted under the circumstances surrounding the happening.

It appears that this accident occurred at the intersection of Laurel Avenue and Mulberry Street in the city of Waynesboro. Laurel Avenue runs north and south and Mulberry Street runs east and west. Both streets are blacktop paved and 32 feet wide from curb to curb. There is a marker plate in the center of the intersection and there are no control signals on either street. At the time of the accident plaintiff Frye was traveling south on Laurel Avenue and defendant's cab was traveling east on Mulberry Street.

Two witnesses introduced on behalf of the cab owner testified that as the motor vehicles approached the intersection they were equidistant therefrom. Plaintiff Frye, on the contrary, testified that before reaching the intersection of Mulberry Street and Laurel Avenue he stopped at the intersection with Ohio Street, a block back, to allow approaching traffic on that street to clear that intersection; that he then resumed his course towards Mulberry Street intersection; that when he was approximately 20 feet from that intersection, while traveling at a rate of 15 to 20 miles per hour in second gear, he looked to the right, west on Mulberry, and because of a tree, then in full foliage, and parked automobiles on the north side of Mulberry his view was restricted to a distance of approximately 125 feet; that he saw no approaching traffic within that area; he then looked to his left, east on Mulberry, and then straight ahead on Laurel as he continued on into the intersection; that just after he entered the intersection and when his truck was two-thirds of the way into it, he again looked to his right and saw the defendant's taxicab approaching; that at that time the cab was approximately 40 feet from the intersection headed east on Mulberry and traveling at a high rate of speed estimated by him at a minimum of 45 miles per hour; that he "hit his brakes", but the front of the taxicab struck the right front of the truck almost immediately thereafter, knocking it in an easterly direction and turning it over; that the cab continued down Mulberry some 90 feet before coming to rest.

Frye's evidence was in direct conflict with that of the two witnesses introduced by the defendant who stated as aforesaid that as the truck and cab approached the intersection they were equidistant from it.

It will be seen from reading instruction No. 1 that the court embodied Frye's evidence in the instruction and without qualification told the jury that if they believed Frye's account of the accident

they should find in his favor. The instruction lacked the qualification that Frye would have to be free from contributory negligence before he could recover or that his conduct on the occasion was that of a reasonably prudent person.

We have many times held that the vehicle on the right is entitled to the right of way where two vehicles approach an intersection at approximately the same time. (See Va. Code 1950 § 46.1-221) While the law does not require a person to know that he is absolutely safe before taking a given course, he is required to exercise ordinary care to avoid accidents, such care as a reasonably prudent person would exercise under the circumstances. *Smith* v. *Carpenter*, 198 Va. 91, 92 S.E. 2d 275; *Citizens Rapid Transit Co.* v. *O'Hara*, 203 Va. 979, 128 S.E. 2d 270.

Instruction No. 1 told the jury that if the plaintiff traveling at a prudent and lawful rate of speed (1) before entering the intersection and (2) could see for a reasonable distance on Mulberry Street, and (3) the defendant was not in sight, that after entering the intersection he then saw defendant's taxicab approaching on Mulberry Street at a negligent and unlawful rate of speed and the taxicab driver negligently drove his cab into the plaintiff, the jury should find for the plaintiff.

An analysis of the instruction illustrates the error complained of. (1) "Before entering the intersection" did not submit to the jury whether plaintiff looked at a place where a reasonably prudent person would have looked. The instruction next tells the jury (2) "could see for a reasonable distance"—"a reasonable distance" depends upon the place of looking and does not say what a reasonably prudent person would have done under the circumstances. The instruction goes on to say (3) "the defendant was not in sight". Here again at what point a reasonable person would have looked is the issue, for resolution of which the case was remanded in the first trial, for a jury to determine this question, not for the jury to be told by the court. In other words the issue to be submitted to the jury in the case was whether or not the plaintiff's conduct on this occasion was that of a reasonably prudent person. The instruction took from the jury their right to pass upon this question.

In this instance it was error for the court to quote the factual evidence given by the plaintiff without considering conflicting evidence and to tell the jury to find a verdict for the plaintiff without permitting the jury itself to say whether or not the actions of the

plaintiff under all the circumstances were justified under the rule as to what a reasonably prudent person would have done under such circumstances. M.J. Vol. 10, Instructions, § 25.

We hold that it was error to give the instruction without adding proper qualifications thereto and as all error is deemed to be harmful we cannot say that this instruction did not influence the jurors in arriving at their verdict. For the foregoing reasons the judgment is reversed and the case is remanded for a new trial.

*Reversed and remanded.*