DORIS LEE CROW, A MINOR, BY HER NEXT FRIEND, NORWOOD W. CROW
   v. LEWIS MICHAEL BALLARD AND LEWIS THAMER BALLARD.
                              AND
BESSIE SUSAN CROW, A MINOR, BY HER NEXT FRIEND, NORWOOD W. CROW
   v. LEWIS MICHAEL BALLARD AND LEWIS THAMER BALLARD.

(Filed 15 January, 1965.)

**1. Automobiles § 54f—**

    Where there is no evidence that the father of the driver was the registered owner of the car and no evidence tending to establish agency under the family purpose doctrine or otherwise, nonsuit of the father, sought to be held liable under the doctrine of *respondeat superior*, is correctly entered.

**2. Automobiles § 47; Courts § 20—**

    An action by a passenger to recover against the driver for a collision occurring in the State of Virginia is governed by the laws of that State which require a showing of gross negligence or a wilful and wanton disregard for the safety of his passengers by the driver in order to support recovery against him.

**3. Automobiles § 47—**

    In an action by the passenger against the driver to recover for injuries sustained in an accident in a state requiring, to support recovery, a showing of gross negligence or wilful and wanton disregard for the safety of the passengers, an instruction placing the burden on plaintiff of proving gross negligence and wilful and wanton disregard for their safety, conjunctively, and an instruction that the terms are synonymous, must be held for prejudicial error, notwithstanding that in other portions of the charge the court correctly defines the terms and charges that a showing of either will support recovery.

**4. Appeal and Error § 42—**

    An erroneous instruction upon a material aspect of the case is not cured by correct instructions on such aspect in other parts of the charge.

APPEAL by plaintiffs from *Shaw, J.,* 20 January Session 1964 of GUILFORD (Greensboro Division). Petition for *certiorari* allowed 28 April 1964 in the Supreme Court. Case set in its regular order at Fall Term 1964.

These actions arose out of an automobile accident which occurred in the State of Virginia on the Blue Ridge Parkway on 4 July 1962. The cases were consolidated for trial. The plaintiffs alleged in their respective complaints that defendant Lewis Thamer Ballard owned the Chevrolet car involved in the accident and maintained it for the use, benefit, convenience and pleasure of his family, and, more particularly, his son, Lewis Michael Ballard, age seventeen.

Plaintiffs in their respective complaints alleged that defendant driver, while driving at a high and excessive rate of speed, lost control of the

car, causing it to skid off the road and go over an embankment, a distance of approximately 140 feet. It is also alleged that before the accident occurred, the passengers in the car requested the driver to slow down and be careful, to no avail; that the injuries and damages suffered by the plaintiffs "were solely and proximately caused by the defendant's gross negligence and wilful and wanton disregard of the safety of his passengers."

At the close of plaintiffs' evidence, Lewis Thamer Ballard moved for judgment as of nonsuit in both cases for failure to show his responsibility for the operation of the automobile driven by his son, Lewis Michael Ballard. Motion allowed and the plaintiffs except.

These cases were submitted to the jury on identical issues and answered as indicated:

"1. Was the plaintiff injured by the gross negligence of the defendant, Lewis Michael Ballard; or the wilful and wanton disregard of the safety of the plaintiff by the defendant, Lewis Michael Ballard, as alleged in the complaint? Answer: No.

"2. What amount of damages, if any, is the plaintiff entitled to recover? Answer: ........."

From the judgment entered on the verdict, the plaintiffs appeal, assigning error.

*Egerton & Alspaugh; James B. Rivenbark for plaintiff appellants.*

*Smith, Moore, Smith, Schell & Hunter; Richmond G. Bernhardt, Jr., for defendant appellees.*

DENNY, C.J. The plaintiffs' first assignment of error is to the ruling of the court below in allowing the motion of defendant Lewis Thamer Ballard for judgment as of nonsuit at the close of plaintiffs' evidence.

There is no allegation in the complaints alleging that Lewis Thamer Ballard was the registered owner of the car involved. Moreover, the plaintiffs offered no evidence tending to establish ownership of the automobile involved in Lewis Thamer Ballard. Neither did they offer any evidence tending to establish agency under the family purpose doctrine or otherwise. Furthermore, no evidence was offered tending to show that the trip on which the accident occurred was made with the knowledge or consent of Lewis Thamer Ballard. Consequently, we hold that the ruling of the court below with respect to the motion of Lewis Thamer Ballard for judgment as of nonsuit must be upheld. *Lynn v. Clark*, 252 N.C. 289, 113 S.E. 2d 427; *Griffin v. Pancoast*, 257 N.C. 52, 125 S.E. 2d 310. This assignment of error is overruled.

The plaintiffs assign as error the following portions of the charge:

"Members of the jury, if the plaintiffs have satisfied you and have satisfied you by the greater weight of the evidence that the defendant was grossly negligent and was guilty of wilful and wanton disregard of the safety of the plaintiffs or each of them * * *." Exception No. 3.

"Now, we get into another field which is not before you, and that is the matter of contributory negligence. As the court understands the law, gross negligence is a higher degree of negligence than ordinary negligence, and that wilful and wanton and reckless conduct is still a higher degree of negligence or a greater degree of negligence than the negligence of gross negligence, so much so that in the wilful, wanton, and reckless conduct, the matter of contributory negligence, which might otherwise be interposed as a defense, is wiped out. * * * (I)t is important to mark the distinction between acts or omissions which constitute gross negligence, and those which are termed wilful or wanton, because it is usually held that in the former, contributory negligence on the part of the plaintiff, will defeat recovery; while in the latter, it will not, but you do not have the matter of contributory negligence before you, *but the court is of the opinion that the terms are synonymous* * * *." (Emphasis added.) Exception No. 4.

Since the automobile accident complained of occurred in the State of Virginia, liability or the lack of it must be determined according to the substantive laws of that State. *Doss v. Sewell,* 257 N.C. 404, 125 S.E. 2d 899.

The Virginia guest statute in pertinent part reads as follows: "No person transported by the owner or operator of any motor vehicle as a guest without payment for such transportation * * * shall be entitled to recover damages against such owner or operator for death or injury * * * unless such death or injury was caused or resulted from the gross negligence *or* wilful and wanton disregard of the safety of the person or property of the person being so transported on the part of such owner or operator." (Emphasis added.)

In *Doss v. Sewell, supra,* Higgins, J., speaking for the Court, said: "The Supreme Court of Appeals of Virginia has defined gross negligence and wilful and wanton disregard for safety in many cases, among them, *Crabtree v. Dingus,* 194 Va. 615, 74 S.E. 2d 54: 'Gross negligence, as we have often said, is that degree of negligence which shows an utter disregard of prudence amounting to complete neglect of the safety of another * * * the element of culpability which characterizes all negligence is in gross negligence magnified to a high degree as compared with that present in ordinary negligence. * * * It

has been described as such heedless and reckless disregard of the rights of another as should shock fair-minded men.' In *Thomas v. Snow*, 162 Va. 654, 174 S.E. 837, the court said: 'Gross negligence is a manifestly smaller amount of watchfulness and circumspection than the circumstances require of a person of ordinary prudence. But it is something less than the wilful, wanton, and reckless conduct which renders a defendant who has injured another liable to the latter even though guilty of contributory negligence. * * * It is important to mark the distinction between acts or omissions which constitute gross negligence and those which are termed wilful or wanton, because it is usually held that in the former contributory negligence on the part of plaintiff will defeat recovery, while in the latter it will not.' " (Citations omitted.) See *Morse v. Walker*, 229 N.C. 778, 51 S.E. 2d 496.

The trial judge in his charge repeatedly instructed the jury correctly with respect to the difference between gross negligence and wilful and wanton conduct. However, that portion of the charge assigned as error under Exception No. 3, placed the burden on the plaintiffs of proving by the greater weight of the evidence both gross negligence and wilful and wanton conduct on the part of the defendant, as a prerequisite to recovery by the plaintiffs. This was error.

Likewise, in that portion of the charge set out above under Exception No. 4, the court differentiated between gross negligence and wilful and wanton conduct, properly stating them in the disjunctive. However, when the court added, "but the court is of the opinion that the terms are synonymous," this was also error.

We have repeatedly held that an erroneous instruction upon a material aspect of the case is not cured by the fact that in other portions of the charge the law is correctly stated. *Mitchell v. White*, 256 N.C. 437, 124 S.E. 2d 137; *Rodgers v. Thompson*, 256 N.C. 265, 123 S.E. 2d 785; *Godwin v. Johnson Cotton Co.*, 238 N.C. 627, 78 S.E. 2d 772; *S. v. Floyd*, 220 N.C. 530, 17 S.E. 2d 658.

The plaintiffs are entitled to a new trial and it is so ordered.

New trial.