MAX MICHAEL RICHARDSON, BY NEXT FRIEND, MAX B. RICHARDSON, PLAINTIFF v. ROCKINGHAM RAILROAD COMPANY AND JOHN ARTHUR McKENZIE, DEFENDANTS.

(Filed 28 April, 1965.)

APPEAL by defendant, John Arthur McKenzie, from *Brock, S.J.,* November 1964 "A" Civil Session of RICHMOND.

Action for damages for personal injuries.

On 6 October 1961 plaintiff, a minor 8 years of age, was riding as a guest passenger in an automobile owned and operated by defendant McKenzie. The automobile was proceeding northwardly on North Lee Street in the town of Rockingham at the intersection of said street with the tracks of Rockingham Railroad Company. The automobile collided with a train engine which was proceeding eastwardly. Plaintiff was injured; he instituted this action against McKenzie and the Railroad Company, alleging that their concurrent negligence caused his injury.

At the close of the evidence the motion of the Railroad Company for nonsuit was allowed. The trial proceeded against defendant McKenzie and resulted in a verdict of $10,000 for plaintiff. From judgment entered on the verdict, defendant McKenzie appeals.

*Webb, Lee and Davis for plaintiff.*
*Henry & Henry for defendant McKenzie.*

PER CURIAM. Appellant complains of the admission, over his objection, of evidence of medical expenses incurred on account of plaintiff's injuries, and of the judge's charge permitting recovery of such expenses by infant plaintiff. Plaintiff's father had a separate cause of action for such expenses. *Ellington v. Bradford*, 242 N.C. 159, 86 S.E. 2d 925. His father served as Next Friend in the prosecution of this action. The allegations of the complaint respecting medical expenses are in general terms, but are sufficient to support a recovery for such expenses. *Kizer v. Bowman*, 256 N.C. 565, 124 S.E. 2d 543. Where the father, in whom the cause of action for medical expenses exists, is Next Friend and participates in the trial in which an award is made to the infant for medical expenses, the participation is a waiver of the father's right to recover such expenses. *Doss v. Sewell*, 257 N.C. 404, 125 S.E. 2d 899. According to the decided cases it is error under certain circumstances for the court to permit recovery of medical expenses by an unemancipated infant, over the objection of defendant made in apt time and form. Upon consideration of the entire record, we are of the opinion that if it was error in the instant case, the error was not sufficiently prejudicial to warrant a new trial.

Appellant assigns as error the charge of the court that the jury might award damages for future or permanent injury. He contends that there is no evidence to support such instruction. The assignment is overruled. The record contains some evidence of permanent injury.

No error.