## J. W. THAMES v. NELLO L. TEER COMPANY.

(Filed 16 June, 1966.)

**1. Courts § 20—**

In an action instituted in this State to recover for negligent injury occurring in another state, liability must be determined according to the substantive law of such other state, of which our courts must take notice. G.S. 8-4.

**2. Appeal and Error § 51—**

Upon appeal from denial of motion to nonsuit in a negligence case, the appellate court is required to examine only so much of plaintiff's evidence as is favorable to him and to determine whether, so considered, the evidence is sufficient in law to permit the jury to find that plaintiff was injured by defendant's actionable negligence and, if so, whether plaintiff's own evidence establishes his contributory negligence as the sole reasonable inference.

**3. Highways § 7—**

In an action by an employee of a subcontractor against the main contractor for injuries alleged to have been caused by the negligence of an employee of the main contractor in the construction of a highway not open to the public, the common law of negligence governs rather than public highway travel statutes.

**4. Negligence § 38—**

The rule that the person in exclusive control of the premises owes a licensee only the duty not to inflict wilful or wanton injury applies when the injury results from the condition of the premises, and does not apply when the injury is the result of active negligence on the part of the person in control, as where the injury results from a collision of vehicles caused by negligence, in which instance the proprietor owes the duty of due care to a licensee whose presence is known.

**5. Negligence § 26—**

Nonsuit for contributory negligence is proper only when plaintiff proves himself out of court.

**6. Highways § 7— Evidence held for jury in this action by employee of subcontractor against main contractor for negligent injury.**

The evidence tended to show that a heavy scraper of the main contractor was traveling at a rapid speed in removing dirt from east to west on the northern section of an unfinished four-lane highway, that plaintiff, an employee of a subcontractor, was driving a truck in the course of his employment some 20 miles per hour in an easterly direction on the unpaved southern section, that as the vehicles had passed, the operator of the scraper turned abruptly left, crossed the median, and, approaching from the left and rear of the truck, struck it on its left side, causing the injury in suit. *Held:* The evidence was sufficient to be submitted to the jury on the issue of negligence and does not disclose contributory negligence as a matter of law on the part of plaintiff.

MOORE, J., not sitting.

APPEAL by defendant from *Latham, S.J.,* September 27, 1965, Civil Session, DURHAM Superior Court.

The plaintiff instituted this civil action on March 1, 1965, to recover for the personal injuries he sustained as a result of a collision between the pickup truck he was operating for his employer, Wrenn-Wilson Construction Company, and a Caterpillar Scraper (turnapull) owned by the defendant, Nello L. Teer Company, and operated by its agent, James Jones. The collision occurred about 7:30 a.m. on June 29, 1963, near Alexandria, Virginia.

At the time of the accident the defendant was the contractor engaged in the construction of the Beltway around Washington. The Wrenn-Wilson Construction Company, for whom plaintiff worked, was a subcontractor employed to build a concrete culvert under the Beltway.

The plaintiff's allegations of negligence are here summarized: The defendant, through its agent, Jones, was careless and negligent in operating the Caterpillar scraper on the roadbed in disregard of the safety of the plaintiff and others, and at a speed greater than was reasonable and prudent; and, without keeping a proper lookout, made a quick left turn across the median separating the north and south lanes when such movement was dangerous; and negligently struck the left side of plaintiff's pickup truck, causing the plaintiff serious and permanent injuries (describing them in detail.)

The defendant, by answer, denied negligence, and by further defense alleged, in substance, the plaintiff entered into defendant's work area in violation of warning and without keeping a proper

lookout, operated his vehicle negligently and without keeping it under control; that the plaintiff entered a place of known hazard and failed to yield the right of way to defendant's heavier equipment; and that these acts of negligence caused his own injury, or were a participating cause, and he should not be permitted to recover.

Both parties introduced evidence. The defendant made timely motions for judgment of involuntary nonsuit which the court denied. The court submitted these issues which the jury answered as here indicated:

> "1.　Was the plaintiff J. W. Thames injured by negligence of the defendant corporation, Nello L. Teer Company, as alleged in the Complaint?
>
> Answer:　Yes.
>
> "2.　Did the plaintiff by his own negligence contribute to his injuries as alleged in the Answer?
>
> Answer:　No.
>
> "3.　What amount, if any, is the plaintiff entitled to recover of the defendant?
>
> Answer:　$18,000.00."

From a judgment on the verdict, the defendant appealed, assigning as its only error the denial of the motion for judgment of nonsuit.

*Newsom, Graham, Strayhorn & Hedrick by Ralph N. Strayhorn, E. C. Bryson, Jr., for plaintiff appellee.*

*Nye & Mitchell by Charles B. Nye, R. Roy Mitchell, Jr., for defendant appellant.*

HIGGINS, J.　The plaintiff is a resident of Durham County, North Carolina. The defendant is a corporation organized under the laws of Delaware, with its principal office in Durham, North Carolina. The accident in which the plaintiff was injured occurred in Virginia. The action having been instituted in North Carolina, liability must be determined according to the substantive law of Virginia, of which we must take notice. G.S. 8-4; *Kirby v. Fulbright*, 262 N.C. 144, 136 S.E. 2d 652; *Conard v. Motor Express*, 265 N.C. 427, 144 S.E. 2d 269; *Crow v. Ballard*, 263 N.C. 475, 139 S.E. 2d 624; *Doss v. Sewell*, 257 N.C. 404, 125 S.E. 2d 899.

The defendant's assignments of error as shown by the record involve the court's ruling on evidence and the charge to the jury. However, all are abandoned in the brief except the failure of the court to sustain the motion for nonsuit. The single assignment of

error requires us to examine only so much of the plaintiff's evidence as is favorable to him and to determine therefrom whether, in its light most favorable to him, it is sufficient, in law, to permit the jury to find he was injured by the defendant's actionable negligence; and, if the answer be in the affirmative, then whether his own evidence establishes his contributory negligence so clearly that no other reasonable inference may be drawn from it. *Railway Co. v. Woltz,* 264 N.C. 58, 140 S.E. 2d 738.

The plaintiff's evidence disclosed in substance that the defendant was the contractor engaged in constructing the Beltway around Washington. The southern lane where the accident occurred had been graded, had been rolled and scraped, and was in use by the subcontractors on the job. This graded and scraped section was 60 to 80 feet wide. Separating this southern section from the unfinished northern section, of equal width, was an unfinished median strip 20 to 30 feet wide, six to twelve inches lower than the southern lane. At the time, a number of defendant's Caterpillar scrapers, each weighing about 100,000 pounds and equipped to carry about 50 tons of earth, were engaged in spreading dirt to build up the northern traffic lanes. These tractors were moving dirt from east to west. The plaintiff was driving from the west towards the east. He was carrying tools for the use of the men beginning the day's work at the culvert.

One of the dirt-spreading machines, after releasing its load, made a short, quick turn to its left, crossed the median strip, and ran into the left side of the plaintiff's pickup, which was continuing toward the culvert. The left door of the pickup was cut almost in two, the windshield broken, and the plaintiff thrown from the vehicle. He was seriously and permanently injured.

The plaintiff testified: "I was driving up the road and over to the left of me they were still building another lane of the road upon which they were using heavy equipment and this turnapull came down spreading dirt. He was running fast, is why we taken notice of him. He looked like he was coming terrific fast and we passed. I did not look back and the next thing I knew we received a blow. At the time, I did not know where the blow came from. I didn't even know what had struck us. I was lying on the ground when I came to. The front end of this heavy piece of equipment was over the top of the truck from the left side." . . . "I had gotten by him and he came up from my left rear. I . . . was traveling 20 to 25 miles per hour."

Mr. Gray, riding with the plaintiff, testified: "When I observed the turnapull it was coming between 40-45 miles per hour. When we got just about . . . opposite each other . . . we were going on

down, then I heard the motor — some motor — seemed like right close to us and I glanced around to my left and saw the turnapull and it was right on the truck. . . . The turnapull had room to turn around right or left to make his U-turn. He was about the middle of the right-hand lane."

Another eye-witness testified: "The turnapull made a 90-degree turn. He turned 90 degrees and came straight across that median and hit Mr. Thames."

This action grew out of a collision between a vehicle operated by contractor and another operated by subcontractor on an unfinished, unopened Beltway under construction. The common law of negligence governs the use of the vehicles rather than the public highway travel statutes. "While the law does not require a person to know that he is absolutely safe before taking a given course, he is required to exercise ordinary care to avoid accidents, such care as a reasonably prudent person would exercise under the circumstances." *Alford v. Frye,* 205 Va. 7, 135 S.E. 2d 101. "Once the act or omission is determined to be negligent with respect to the injured party, the negligent party becomes liable for all the injurious consequences which result naturally from such act or omission." *Barnette v. Dickens,* 205 Va. 12, 135 S.E. 2d 109.

The defendant appears to pitch its defense on the ground the defendant was in exclusive control of the premises and that plaintiff, at most, is a licensee, hence the defendant's only duty is not to inflict wilful or wanton injury. The doctrine is applicable when the injury arises from the condition of the premises. The rule, however, does not apply if there is active negligence. "In the case of licensees, the occupant is charged with the knowledge of the use of his premises by the licensee, and, while not chargeable with the duty of prevision or preparation for the safety of the licensee, he is chargeable with the duty of lookout, with such equipment as he then has in use to avoid injury to him at the time and place where the presence of the licensee may be reasonably expected." *Pettyjohn & Sons v. Basham,* 126 Va. 72, 100 S.E. 813. "(I)t is now generally held in cases involving injury resulting from *active conduct,* as distinguished from conditions of the premises, the landowner or possessor may be liable for failure to exercise ordinary care towards a licensee whose presence on the land is known or should reasonably be known . . . At any rate, there is well-nigh universal agreement that the duty of care is owed to licensees whose presence is to be expected. And, of course, the duty of care to the licensee whose presence is actually known is clear." *Bradshaw v. Minter,* 206 Va. 450, 143 S.E. 2d 827. The evidence was sufficient to support the issues of defendant's negligence and the plaintiff's damages. It was not sufficient to show

plaintiff's contributory negligence as a matter of law. Only when a plaintiff proves himself out of court is he to be nonsuited for con-tributory negligence. *Carswell v. Lackey*, 253 N.C. 387, 117 S.E. 2d 51.

In the absence of the charge, we must assume the court properly instructed the jury as to the law applicable to the evidence and properly placed the burden of proof on the three issues. We hold that the evidence in the light most favorable to the plaintiff was sufficient to go to the jury on the issues of negligence and damages. No other burden was on him.

No error.

MOORE, J., not sitting.