MAURICE DEAN FREEZE, BY HIS NEXT FRIEND, JOHN D. FREEZE, JR.
v. BETTY J. CONGLETON

No. 6919SC320

(Filed 23 July 1969)

**1. Negligence § 59— licensees — social guests**

A social guest in a home is a licensee and not an invitee.

**2. Negligence § 59— action by minor licensee — sufficiency of evidence**

In this action for injuries received by the five-year old plaintiff when he walked through a glass door while a social guest in defendant's home, plaintiff's evidence *is held* sufficient to be submitted to the jury where it tends to show that the door had been open for several hours, that plaintiff had come through the door some four or five times, that defendant closed the door immediately after plaintiff passed through the open door

the last time without warning plaintiff or marking the clear glass of the door so it would be visible, that defendant gave plaintiff no warning as he approached the door, and that defendant knew that several persons had previously run into the glass door.

APPEAL by plaintiff from *Lupton, J.*, at the 24 March 1969 Session of CABARRUS Superior Court.

In his complaint plaintiff alleged that he was injured by walking through a glass door at the home of the defendant, his aunt. He alleged that the door had been open for several hours and that the defendant closed the door, neither warning the plaintiff nor making the door visible by sign or marking when, by previous occurrences, she knew of the inability of a child such as the plaintiff to see the door and avoid walking into it.

Defendant answered denying the material allegations of the complaint and specifically denying negligence in any form.

Plaintiff introduced evidence in support of his allegations, but at the close of plaintiff's evidence, the defendant's motion for nonsuit was allowed and the action dismissed. Plaintiff appealed.

*Hartsell, Hartsell & Mills by K. Michael Koontz for plaintiff appellant.*

*Williams, Willeford & Boger by John Hugh Williams for defendant appellee.*

BRITT, J.

The sole question presented is whether the evidence offered by plaintiff is sufficient, when taken in the light most favorable to him, to support a finding of negligence on the part of defendant which proximately caused injury to plaintiff. 6 Strong, N.C. Index 2d, Negligence, § 30, p. 64.

[1] Plaintiff concedes the general rule that a social guest in a home is a licensee and not an invitee. *Murrell v. Handley*, 245 N.C. 559, 96 S.E. 2d 717, and citations therein. However, plaintiff contends that where the guest is a child he should not be treated as a bare licensee.

The traditional treatment of child social guests has been correctly summarized as follows:

"To a large extent, the fact that a social guest injured or killed on the premises of his host is a child 15 years or younger has not prevented the application of the rule governing the liability

of a host to social guests in general, that a social guest is a licensee to whom the host owes only the duty not to injure, by active or affirmative negligence, a guest whose presence is known, not to set a trap or pitfall for the guest, to warn against or remove defects which the host knows are likely to cause harm to the guest, and which he has reason to believe that the guest is not likely to discover for himself, and generally not to cause injury by gross negligence, recklessness, or wanton and wilful misconduct. Rather, it is in the application of the standards of duty that consideration is given to the immaturity of the child, since actions on the part of the host which would not be considered a breach of duty toward an adult licensee in view of the latter's awareness and understanding of danger, may be considered wilful and wanton acts of negligence when applied to an infant." Annot., 20 A.L.R. 3d 1127, 1131.

The annotation goes on to deal with cases from several jurisdictions which have departed from the standard of care quoted above as well as modifying the application of the standard. Of particular interest because of the similar facts is *Kemline v. Simonds*, 231 Cal. App. 2d 165, 41 Cal. Rptr. 653, where the court found that the evidence could support a judgment for the plaintiff. That court applied, to a child social guest, the standard for liability to a trespassing child, as set out in Restatement of Torts 2d, § 339.

In North Carolina it has been said that "[t]he owner of land owes to a licensee only the duty to refrain from injuring him wilfully or through wanton negligence, *and from increasing the hazard while the licensee is on the premises, by active and affirmative negligence * * *.*" (Emphasis added) 6 Strong, N.C. Index 2d, § 59, p. 129.

In *Moore v. Moore*, 268 N.C. 110, 150 S.E. 2d 75, a case involving injury to a child social guest, it is said:

"To permit recovery for an injury, the jury must find the defendant was guilty of one or more of the negligent acts alleged and that the injurious result was reasonably foreseeable. *Jenkins v. Electric Co.*, 254 N.C. 553, 119 S.E. 2d 767. Negligence is the failure to exercise proper care in the performance of a legal duty which the defendant owed the plaintiff under the circumstances surrounding them. *Mattingly v. R. R.*, 253 N.C. 746, 117 S.E. 2d 844. The breach of duty may be by negligent act or a negligent failure to act. *Williams v. Kirkman*, 246 N.C. 510, 98 S.E. 2d 922."

**[2]** The evidence presented by plaintiff, and reasonable inferences therefrom, were sufficient to show the following: The accident occurred on Sunday, 8 October 1967, plaintiff being five years old at that time. Plaintiff, his parents and his brother were visiting with his aunt's family in Raleigh and had spent Saturday night there. Sunday was a mild, sunny day. The home had a combination den, dining room and kitchen (family room) approximately 12 feet by 15 to 20 feet. The door leading from this room to the outside was some six feet wide, consisting of two clear, clean glass panels, each enclosed in a thin metal frame, extending from the floor to the ceiling; one panel was stationary while the other one was mounted on small rollers and a track, and the door was opened by pushing the sliding panel back of the stationary panel. Outside the door was a screened-in porch with a door leading from one end of it to the back yard. This glass door was opened around 12 noon and remained open until a little after 2:30 p.m. During that time plaintiff had come from the yard, through the open door and into the house some four or five times. The last time he came in he went through the family room and into the bathroom; at that time the adults were watching television in the family room and defendant was sitting in a chair with her back very close to the stationary panel of the door. Immediately after plaintiff passed through the open door on his way to the bathroom, defendant reached back and closed the door which was approximately one foot from her. Seconds later, plaintiff returned from the bathroom on his way back to the yard, walked into the clear glass door, broke it, and fell face down on the porch, with painful and serious lacerations on his face and head. Defendant gave plaintiff no warning as he approached the door which she had just closed but immediately after the incident declared that she, as well as several children, had previously run into the glass door and that she had been meaning to mark it.

Although we adhere to the general rule that a social guest in a home is a licensee and not an invitee, we hold that the evidence presented in this case was sufficient to support a jury finding of negligence on the part of defendant, either "by negligent act or a negligent failure to act," proximately causing plaintiff's injuries. *Moore v. Moore, supra.*

The judgment of the superior court is

Reversed.

MALLARD, C.J., and PARKER, J., concur.