DOROTHY D. DeHAVEN AND HUSBAND, JAMES L. DeHAVEN v. JAMES H. HOSKINS AND WIFE, BETTY HOSKINS

No. 887SC846

(Filed 5 September 1989)

1. **Appeal and Error § 6.8 — summary judgment in favor of one defendant — substantial right affected — order immediately appealable**

    An order granting summary judgment in favor of defendant wife was interlocutory but appealable because it affected a substantial right of plaintiffs to have determined in a single action the question of whether plaintiff wife was injured by the acts of one, both, or neither of defendants so as to avoid the possibility of inconsistent verdicts, especially since the claims against defendants arose from the same series of events.

2. **Negligence § 59.3 — grease left on stove by homeowner — licensee burned — negligence of homeowner as jury question**

    A jury question was presented as to whether defendant wife was affirmatively negligent in leaving a pan of oil heating on her stove when she knew that plaintiff licensees were on the premises and knew that heated oil is susceptible to catching fire, and the trial court therefore erred in entering summary judgment for defendant wife.

APPEAL by plaintiffs from *Charles B. Winberry, Judge.* Judgment entered 12 May 1988 in Superior Court, NASH County. Heard in the Court of Appeals 14 March 1989.

*Henson & Fuerst, P.A., by Thomas W. Henson and Robert L. Fuerst, for plaintiffs-appellants.*

*Battle, Winslow, Scott & Wiley, P.A., by J. Brian Scott and M. Greg Crumpler, for defendants-appellees.*

BECTON, Judge.

The plaintiffs appeal from an order granting summary judgment to one of the two defendants in this personal injury action. For the reasons that follow, we reverse.

DeHAVEN v. HOSKINS

[95 N.C. App. 397 (1989)]

I

On the evening of 24 July 1986, the plaintiffs, Dorothy and James DeHaven, went to visit their next-door neighbors, defendants Betty and James Hoskins, to show them their new car. Betty Hoskins had begun to prepare dinner before they drove up, and was heating a pan of vegetable oil on the stove to make french fries when Dorothy DeHaven came to the door and asked her to come outside. Betty Hoskins went out, leaving the pan on the stove. While the neighbors stood in the Hoskins' driveway admiring the car, the cooking oil burst into flames. James Hoskins was the first to see the fire coming from the kitchen, and he raced into the house. Betty Hoskins hurried in after him. James Hoskins picked up the flaming pan and carried it to the kitchen door while Betty Hoskins started to clean up the oil spilled on the stove and floor.

Dorothy DeHaven ran toward the house to see if she could help. She approached the kitchen door from the carport just as James Hoskins was coming through the door with the flaming pan. They either collided, or James Hoskins threw the oil out the door, or he was burned and lost control of the pan. In any event, the hot oil splashed on Dorothy DeHaven, severely burning both arms and one leg.

Dorothy and James DeHaven brought the present suit against Betty and James Hoskins, alleging that the negligence of both of them was responsible for Dorothy DeHaven's injuries. Betty Hoskins moved for summary judgment, contending that she did not violate the duty of care owed to Dorothy DeHaven, a licensee under traditional premises liability law. The trial judge granted the motion.

The DeHavens' appeal, assigning error to the entry of summary judgment in favor of Betty Hoskins, and to the failure of the trial judge to grant their motion to vacate the judgment. They argue that Dorothy DeHaven was injured by Betty Hoskins' active and affirmative negligence rather than by a condition of the premises, and, therefore, that Betty Hoskins' duty to Dorothy DeHaven should have been determined according to ordinary negligence principles rather than by premises liability law. The DeHavens further contend that it was for the jury to determine whether Betty Hoskins' negligence was a proximate cause of Dorothy DeHaven's injuries, or whether, instead, that causal connection was superseded by the subsequent acts of James Hoskins.

Betty Hoskins has filed a motion to dismiss the appeal as interlocutory. She also contends that summary judgment was properly granted in her favor because she engaged in neither "willful or wanton negligence" nor "active and affirmative negligence" while the DeHavens were on the premises. Finally, she contends that Dorothy DeHaven's own contributory negligence barred her recovery in this action.

## II

[1] The threshold issue, raised by Betty Hoskins' motion to dismiss, is whether the DeHavens' appeal is premature.

The order granting summary judgment in favor of Betty Hoskins manifestly was interlocutory: it did not fully dispose of the DeHavens' claims, instead leaving the claims against James Hoskins to be determined at trial, and it did not provide that there was "no just reason [to] delay" appeal. See N.C. Gen. Stat. Sec. 1A-1, R. Civ. P. 54(b) (1983); Veazey v. City of Durham, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). Thus, the order is not immediately appealable unless some "substantial right" of the DeHavens would be affected by delaying the appeal until the case is finally resolved. See N.C. Gen. Stat. Sec. 1-277(a) (1983); N.C. Gen. Stat. Sec. 7A-27(d) (1986). A judgment which creates the possibility of inconsistent verdicts on the same issue—in the event an appeal eventually is successful—has been held to affect a substantial right. See, e.g., Bernick v. Jurden, 306 N.C. 435, 439, 293 S.E.2d 405, 408 (1982).

In our view, a possibility exists that inconsistent verdicts could be rendered in separate trials on the issue of James and Betty Hoskins' joint and concurrent negligence if the DeHavens' appeal ultimately is successful: James Hoskins might conceivably prevail on the ground of sudden emergency, while the jury in a separate trial against Betty Hoskins might conclude that James Hoskins' intervening negligence insulated her from liability for her actions. Accordingly, we hold that the judgment was appealable because it affected a substantial right of the DeHavens to have determined, in a single action, the question of whether Dorothy DeHaven was injured by the acts of one, both, or neither of the defendants, especially since the claims against them arose from the same series of events. Accord Bernick, 306 N.C. at 439, 292 S.E.2d at 409; Fox v. Wilson, 85 N.C. App. 292, 298, 354 S.E.2d 737, 741 (1987). Betty Hoskins' motion to dismiss the appeal is denied.

## III

[2]  Dorothy DeHaven concedes that, as a social guest at the Hoskins' home, she held the status of licensee. *See, e.g., Murrell v. Handley,* 245 N.C. 559, 562, 96 S.E.2d 717, 720 (1957). The duty of care owed to a licensee by an owner or possessor of land ordinarily is to " 'refrain from doing the licensee willful injury and from wantonly and recklessly exposing [her] to danger.' " *McCurry v. Wilson,* 90 N.C. App. 642, 645, 369 S.E.2d 389, 392 (1988) (quoting *Pafford v. J.A. Jones Constr. Co.,* 217 N.C. 730, 736, 9 S.E.2d 408, 412 (1940)). "It follows that, as a general rule, the owner . . . is not liable for injuries to licensees due to the *condition* of the property, or . . . due to *passive negligence or acts of omission." Pafford,* 217 N.C. at 736, 9 S.E.2d at 412 (emphasis added).

A different rule applies, however, when the licensee's injury is caused by the owner's *active conduct* or "affirmative negligence." *See Thames v. Nello L. Teer Co.,* 267 N.C. 565, 569, 148 S.E.2d 527, 530 (1966). *See also Langford v. Shu,* 258 N.C. 135, 140, 128 S.E.2d 210, 213 (1962); *Wagoner v. N.C. R.R. Co.,* 238 N.C. 162, 172, 77 S.E.2d 701, 709 (1953). The rule generally is stated as follows:

> If the owner, while the licensee is on the premises exercising due care for [her] own safety, is actively negligent in the management of [her] property . . ., as a result of which the licensee is subjected to increased danger, the owner will be liable for injuries sustained as a result of such active or affirmative negligence.

*Wagoner,* 238 N.C. at 172, 77 S.E.2d at 709.

Thus, when engaging in active conduct on the premises, the owner must exercise reasonable care for the protection of a licensee whose presence is known or reasonably should be known. *Thames,* 267 N.C. at 569, 148 S.E.2d at 530; *see Belk v. Boyce,* 263 N.C. 24, 29, 138 S.E.2d 789, 793 (1964). *See also Prosser & Keeton on Torts* Sec. 60 (5th ed. 1984); Annot., *Liability to Adult Social Guest Injured Otherwise than by Condition of Premises,* 38 A.L.R. 4th 200 (1985).

The DeHavens argue that, while one of the proximate causes of Dorothy DeHaven's injury was James Hoskins' attempt to dispose of the flaming oil, another proximate cause was the active conduct and affirmative negligence of Betty Hoskins in continuing to heat the pan of oil when she went outside. They argue that Dorothy

**DeHAVEN v. HOSKINS**

[95 N.C. App. 397 (1989)]

DeHaven's injury would not have occurred without the force set in motion by Betty Hoskins, and therefore, that she should be held accountable for her role in the incident. *Cf. Hairston v. Alexander Tank & Equip. Co.,* 310 N.C. 227, 234, 311 S.E.2d 559, 565-66 (1984) ("When two or more proximate causes join and concur in producing the result complained of, the author of each cause may be held for the injuries inflicted."). On the other hand, Betty Hoskins cites several cases for the proposition that an owner will not be held liable to a licensee for injuries arising, at least in part, from the owner's failure to act to protect the licensee. *See, e.g., McCurry,* 90 N.C. App. at 646, 369 S.E.2d at 392. However, those cases concern conditions of the premises, rather than activities occurring there, and, therefore, are inapposite.

In our view, a jury question was presented whether Betty Hoskins was affirmatively negligent in leaving the oil on the stove when she knew that the DeHavens were on the premises and knew (as she admitted) that heated oil is susceptible to catching fire. *Accord Anderson v. Butler,* 284 N.C. 723, 731, 202 S.E.2d 585, 589-90 (1974) (jury question whether landowner negligent in entrusting minor son with forklift which injured nine-year-old licensee). *Cf. Langford,* 258 N.C. at 140, 128 S.E.2d at 213 (guest's injuries stemming from practical joke did not arise from condition of premises, passive negligence, or acts of omission, and thus jury question presented whether defendant was liable); *Freeze v. Congleton,* 5 N.C. App. 472, 168 S.E.2d 462 (1969) (minor licensee injured when he ran into sliding glass door closed by owner; jury question whether owner negligent in closing door), *rev'd on other grounds,* 276 N.C. 178, 171 S.E.2d 424 (1970) (evidence of owner's negligence insufficient to take case to jury since minor's mother was present, knew door was closed, and failed to warn minor).

The result we reach today is the same as that reached in *Orr v. Turney,* 535 So.2d 150 (Ala. 1988), a case factually similar to this one. There, a landowner lost control of a pan of flaming grease as she went out her kitchen door, severely injuring an infant licensee playing just outside the door. The licensee contended that the owner was negligent both in leaving the pan of oil unattended on a hot stove and in her attempt to dispose of the pan. Applying the active conduct analysis, the court concluded that a jury question was presented whether the owner breached her duty to the licensee to exercise reasonable care for his safety. *Id.* at 154.

We conclude that the trial judge erred in granting summary judgment in favor of Betty Hoskins because the forecast of the evidence failed to show that there was no genuine issue as to any material fact or that she was entitled to judgment as a matter of law. *See* N.C. Gen. Stat. Sec. 1A-1, R. Civ. P. 56(c) (1983). Negligence claims and allegations of contributory negligence should rarely be disposed of by summary judgment. *See generally Ballenger v. Crowell*, 38 N.C. App. 50, 247 S.E.2d 287 (1978). This case provides no exception to that general rule.

IV

For the reasons stated, the order granting summary judgment to defendant Betty Hoskins is

Reversed.

Judges PARKER and ORR concur.