HERMAN VAUGHN v. TOMMY TYSON AND WIFE, EVELYN MORRING TYSON AND ARTHUR LEE MORRING TYSON AND WIFE, HALLIE MORRING

No. 721DC376

(Filed 24 May 1972)

1. **Evidence § 33; Witnesses § 5— letter containing hearsay — inadmissibility for corroborative purposes**

In this child custody proceeding, the trial court did not err in excluding from consideration as corroborative evidence a letter from the Department of Social Services of Westchester County, New York, to the Department of Social Services of Chowan County stating that plaintiff's late wife had received welfare assistance to cover expenses of the birth of the children and that plaintiff had abandoned her, since the letter was the assertion of a person other than the witness, offered to prove the matter asserted and not corroborative of the witness.

2. **Appeal and Error § 57— nonjury trial — findings by court — review**

In a nonjury trial the findings by the court have the force and effect of a verdict of the jury and are conclusive on appeal if supported by any competent evidence notwithstanding there is evidence which would sustain contrary findings.

3. **Infants § 9; Parent and Child § 6— child custody — right of surviving parent**

The evidence supported the trial court's findings and award of custody of two minor children to their father, the sole surviving parent, rather than to an aunt and the maternal grandparents with whom the children have resided since their mother's death.

APPEAL by defendants from *Walker, District Judge,* 4 January 1972 Civil Session of CHOWAN District Court.

Plaintiff, a native of Chowan County but now a resident of the State of New York, instituted this action seeking permanent custody of his minor children, twins Christopher Robert Vaughn and Crystal Michelle Vaughn. The femme defendant Tyson is the maternal aunt, and defendants Morring are the maternal grandparents, of the children.

Plaintiff offered evidence tending to show: The mother of the children, Carrie Morring Vaughn, died in June of 1970 in New York State of natural causes. A sister of the deceased mother brought the six-weeks old children to North Carolina to the homes of defendants in order to care for them. The care of the children was entrusted to defendants on a temporary basis with an understanding that they should remain with

defendants only until such time as plaintiff could properly care for them. In the Spring of 1971 plaintiff requested that the custody of his children be returned to him but defendants refused, contending they were more capable to rear the children. Plaintiff has been employed continuously and is now in a position to properly care for his children, having remarried and reestablished a home.

Defendants offered evidence tending to show: The children were placed with them permanently by plaintiff who reassured defendants of this fact several times. Plaintiff agreed not to interfere with the rearing of the children. Plaintiff has never cared for the children nor provided any substantial money for their support. Plaintiff did not support the mother of the children, has been unemployed for long periods of time, and allowed his late wife to obtain welfare assistance to cover expense of the birth of the children. Defendants are fit and proper persons to have custody of the children.

The case was tried without a jury and the court entered judgment awarding custody of the children to plaintiff, from which judgment defendants appealed.

*Wiley J. P. Earnhardt, Jr., for plaintiff appellee.*

*John F. White, Merrill Evans, Jr., and White, Hall & Mullen by Gerald F. White for defendant appellants.*

BRITT, Judge.

[1]  Defendants contend the trial court erred in excluding from consideration as corroborative evidence a letter from the Department of Social Services of Westchester County, New York, to the Department of Social Services of Chowan County. The letter in question was offered when Mr. Hendricks, Director of the Chowan County Department of Social Services, was on the witness stand. In substance, the letter stated that in March 1970 plaintiff's late wife, eight months pregnant, applied for assistance; that her husband had deserted her and had provided no support; that full assistance was given from March 1, 1970 through June 1970 and the wife's hospital bill and other medical expenses were paid by the (New York) Department of Social Services.

Stansbury, North Carolina Evidence 2d, § 52, p. 105 states: "The liberality of these rules (pertaining to admissibility

of corroborating evidence) has sometimes misled counsel into the assumption that almost anything is admissible so long as it can be called corroborative. But important limitations must be observed. Unless the evidence offered is admissible for substantive purposes under independent rules, it must relate to some conduct or some characteristic *of the witness himself* which tends to establish him as a credible person."

Then on p. 108 Stansbury states: "The grounds upon which the witness's own prior statements are admitted do not justify the reception of *another person's* extrajudicial statements, and such statements would seem to be inadmissible hearsay unless they fall within some exception to the hearsay rule or are offered to impeach or corroborate the declarant's own testimony in the case." See also: *Bryant v. Bryant,* 178 N.C. 77, 100 S.E. 178 (1919).

We hold that since the letter was the assertion of a person other than the witness, offered to prove the matter asserted and not corroborative of the witness, the letter was properly excluded from the evidence.

[2] Defendant's other assignments of error relate to the finding of facts and conclusions of law by the trial judge. In a nonjury trial the findings by the court have the force and effect of a verdict of a jury and are conclusive on appeal if supported by any competent evidence notwithstanding that there is evidence contra which would sustain findings to the contrary. *Huski-Bilt, Inc. v. Trust Co.,* 271 N.C. 662, 157 S.E. 2d 352 (1967); *Young v. Insurance Co.,* 267 N.C. 339, 148 S.E. 2d 226 (1966). The evidence as previously reviewed is plenary to support the findings of fact and conclusions of law based thereon and will not be disturbed on appeal.

[3] It was established that plaintiff is the sole surviving parent of the children. In the case of *In Re Woodell,* 253 N.C. 420, 117 S.E. 2d 4 (1960), the late Chief Justice Parker quoted from *James v. Pretlow,* 242 N.C. 102, 86 S.E. 2d 759, as follows: "Where one parent is dead, the surviving parent has a natural and legal right to the custody and control of their minor children. This right is not absolute, and it may be interfered with or denied but only for the most substantial and sufficient reasons, and is subject to judicial control only when the interests and welfare of the children clearly require it." Although the trial judge in his judgment commended defend-

ants, particularly for the love, care and affection they had shown the children, he found that the best interest of the children would be served and promoted by awarding their custody to the plaintiff, their father.

The judgment appealed from is

Affirmed.

Judges PARKER and HEDRICK concur.