JAMES F. FREEMAN v. STURDIVANT DEVELOPMENT COMPANY AND FOSTER-STURDIVANT COMPANY, INC.

No. 7425SC985

(Filed 5 March 1975)

1. Contracts § 27— action on contract — summary judgment — sufficiency of evidence

In an action to recover an amount allegedly owed under an assignment of an option in which defendant agreed to pay plaintiff an additional sum "during the option or any extension thereof upon the condition that a firm financial commitment . . . is obtained for the construction of an apartment complex on said optioned property," there was a genuine issue of material fact as to whether a firm financial commitment was obtained under the terms of the assignment, and the trial court properly denied defendants' motion for summary judgment; furthermore, the evidence at trial required submission to the jury of the question of whether defendant obtained a firm financial commitment during the period of the option or any extension thereof, and the court erred in directing a verdict for plaintiff.

Freeman v. Development Co.

2. Rules of Civil Procedure § 50— directed verdict — party having burden of proof

It is improper to direct a verdict in favor of the party having the burden of proof only when the party's right to recover depends upon the credibility of his witnesses.

3. Corporations § 1; Contracts § 27; Quasi Contracts § 2— contract action — regarding two corporations as one — quantum meruit

In an action to recover an amount allegedly owed under an assignment of an option in which one corporate defendant agreed to pay plaintiff an additional sum if a firm financial commitment for construction of apartments was obtained during the option or any extension thereof, there was sufficient evidence from which the jury could find that the two corporate defendants were one and the same, that they obtained a firm financial commitment during an extension of the option, and that they are both liable for the additional amount under plaintiff's contract with the one corporate defendant; however, if the jury should find that defendants are not liable under the contract, there was sufficient evidence to support a verdict for plaintiff against defendants on the theory of *quantum meruit* since defendants ultimately obtained financing and derived benefit from plaintiff's original option.

APPEAL by plaintiff and defendants from *Winner, Judge.* Judgment entered 30 August 1974 in Superior Court, CATAWBA County. Heard in the Court of Appeals 11 February 1975.

This is a civil action to recover $15,000 allegedly due under a contract and in the alternative to recover in *quantum meruit* for services rendered. Defendants counterclaimed seeking damages for fraud.

Certain undisputed facts in the case are shown by the pleadings. On 19 October 1971 plaintiff, James Freeman, secured an option to purchase a 23.3-acre tract of land in Catawba County owned by A. B. C. & M. Development Co. (ABC&M). The agreement provided that Freeman had the right to exercise the option on or before 25 February 1972 and to renew the option for 30 days. On 11 November 1971, Freeman assigned this option to defendant Sturdivant Development Company, Inc. (Sturdivant) for $15,000. Under the terms of the assignment, Sturdivant agreed to pay Freeman an additional $15,000 "during the term of the option or any extension thereof upon the condition that a firm financial commitment, subject to approval by Sturdivant Development Company, Inc., is obtained for the construction of an apartment complex on said optioned property." Financial backing for the construction of an apartment complex upon the property was obtained after the expiration date of

plaintiff's option agreement with ABC&M, and the property was leased to defendant Foster-Sturdivant Development Company, Inc. (Foster-Sturdivant). Freeman never received the additional $15,000.

Defendants' motion for summary judgment was denied as was their motion for a directed verdict at the close of plaintiff's evidence. At the close of all the evidence, the trial court granted a directed verdict for plaintiff on defendants' counterclaim for fraud. The court also granted directed verdicts for defendant Foster-Sturdivant Co. on plaintiff's contract and *quantum meruit* claims and for defendant Sturdivant Development Co. on the *quantum meruit* claim. Finally, the trial court granted a directed verdict for plaintiff on his contract claim against Sturdivant Development Co. All parties appealed to this Court.

*Tate, Weathers and Young, by E. Murray Tate, Jr., for plaintiff appellant.*

*Vannoy, Moore and Colvard, by J. Gary Vannoy, for defendant appellants.*

ARNOLD, Judge.

### APPEAL OF DEFENDANTS

[1] Defendants initially contend that the trial court erred in denying their motion for summary judgment. As movants under Rule 56 they had the burden of establishing the lack of a triable issue of fact. *Houck v. Overcash,* 282 N.C. 623, 193 S.E. 2d 905 (1973); *Stewart v. Singleton,* 280 N.C. 460, 186 S.E. 2d 400 (1972); *Hinson v. Jefferson,* 20 N.C. App. 204, 200 S.E. 2d 812 (1973). Papers of the opposing party are indulgently regarded and all inferences drawn in his favor. *Page v. Sloan,* 281 N.C. 697, 190 S.E. 2d 189 (1972). Viewing in this manner the materials offered, we hold that the question of whether a firm financial commitment was obtained under the terms of the assignment was a genuine issue for trial. Defendants offered affidavits to the effect that no firm financial commitment was secured during the term of the option or any extension. In opposition plaintiff submitted an affidavit stating that "Brian Applefield, agent and officer of the defendants, notified this affiant during the option period that Sturdivant Development Company had received a firm financial commitment . . . . " Defendants' motion was properly denied.

Defendants further contend that it was error to direct a verdict for plaintiff on their counterclaim. This argument is without merit. Even when the case is viewed in the light most favorable to defendants, there is no evidence from which a jury could find any fraudulent misrepresentation on the part of Freeman.

[2] Finally, defendant Sturdivant Development Co. contends that the court erred in directing a verdict for plaintiff on his first cause of action for breach of contract. Defendant argues that under the decision of our North Carolina Supreme Court in *Cutts v. Casey*, 278 N.C. 390, 180 S.E. 2d 297 (1971), it is improper to direct a verdict in favor of the party with the burden of proof. We read *Cutts v. Casey* to preclude such a ruling only when the party's right to recover depends upon the credibility of his witnesses. *Id.* at 417, 180 S.E. 2d at 311. In the instant case, plaintiff's credibility is not in issue, and the rule enunciated in *Cutts v. Casey* is not controlling. Nevertheless, applying the general rules applicable to motions for directed verdict, we believe that directing a verdict for plaintiff was not proper in this case.

[1] In considering a motion for directed verdict, the court must view the evidence in the light most favorable to the non-moving party, giving to it the benefit of all reasonable inferences and resolving all inconsistencies in its favor. *Summey v. Cauthen*, 283 N.C. 640, 197 S.E. 2d 549 (1973); *Bowen v. Rental Co.*, 283 N.C. 395, 196 S.E. 2d 789 (1973). The motion should be granted only if, as a matter of law, the evidence is insufficient to support a verdict for the nonmovant. *See Younts v. Ins. Co.*, 281 N.C. 582, 189 S.E. 2d 137 (1972); *Kelly v. Harvester Co.*, 278 N.C. 153, 179 S.E. 2d 396 (1971). *See generally* 5A Moore's Federal Practice § 50.02[1] (1974). Viewing in this manner the evidence presented, we are of the opinion that the evidence was sufficient to go to the jury on the crucial question: Did Sturdivant Development Co. obtain a firm financial commitment during the period of the option or any extension thereof?

Plaintiff introduced in evidence the option agreement with ABC&M and the contract assigning the option to Sturdivant. He also introduced a copy of an agreement executed 24 February 1972 in which ABC&M gave to Dollar Organization, Inc. (Dollar) an option to purchase the property on or before 25 May 1972. Plaintiff testified that sometime during the two option periods he had conversations with officers of Sturdivant who

told him the project was progressing. He also said he had been worried that Sturdivant might not obtain a firm financial commitment before the option expired.

Defendants offered evidence which tended to show the following: They did not obtain a financial commitment before 25 February 1972, the expiration date of Freeman's option. Nor did they obtain financing before 25 May 1972 when Dollar's option expired. On 28 June 1972 defendants' president, Alvin Sturdivant, wrote a letter to Freeman advising him that a firm financial commitment was not forthcoming. Sometime after 25 May 1972, Foster-Sturdivant arranged with the Richardson Corporation to finance the construction of an apartment complex on the property. These two firms then acquired a lease effective 1 August 1972.

In light of the foregoing evidence, we hold that the trial court erred in directing a verdict for plaintiff against defendant Studivant Development Co.

### APPEAL OF PLAINTIFF

Plaintiff contends that the trial court erred in directing verdicts for Sturdivant on his second cause of action, recovery in *quantum meruit,* and for Foster-Sturdivant on both causes of action. Viewing the evidence in the light most favorable to plaintiff, the nonmovant, we agree.

It is well settled that when a plaintiff "alleges and proves acceptance of services and the value thereof . . . he may go to the jury on *quantum meruit." Helicopter Corp. v. Realty Co.,* 263 N.C. 139, 148, 139 S.E. 2d 362, 368-69 (1964) ; *Yates v. Body Co.,* 258 N.C. 16, 128 S.E. 2d 11 (1962) ; *Allen v. Seay,* 248 N.C. 321, 103 S.E. 2d 332 (1958). *See also* 1 McIntosh, N. C. Practice 2d, § 1133. The evidence showed that Sturdivant, Dollar, and Foster-Sturdivant each had the same president and the same secretary. Alvin Sturdivant testified that the names were used interchangeably, referring to all three corporations as "we". He also testified that before 25 May 1972, when Dollar's option expired, defendants entered into a "gentlemen's agreement" with ABC&M to preserve their rights for an additional period. In mid-July they entered into an agreement with the Richardson Corporation for the construction of an apartment complex and subsequently secured a lease from ABC&M's successors in title.

[3] There was sufficient evidence from which the jury might find that Sturdivant and Foster-Sturdivant were one and the same, that they obtained a firm financial commitment during an extension of the option, and that both are liable for the additional $15,000 under plaintiff's contract with Sturdivant. However, should the jury not so find, there is still evidence to support a verdict for plaintiff on the theory of *quantum meruit*. *See generally* 6 Strong, N. C. Index 2d, Quasi Contracts, §§ 1-2, pp. 528-33. It is clear that Foster-Sturdivant ultimately obtained financing and derived benefit from plaintiff's original option. If both defendants are treated as a single entity, Sturdivant benefited as well. We hold therefore that plaintiff was entitled to go to the jury on both the express contract and on the *quantum meruit* as to each defendant.

The decision of this Court is that the judgments below be

Reversed as to directed verdict for plaintiff on first cause of action against Sturdivant Development Co.

Reversed as to directed verdict for defendant Sturdivant Development Co. on second cause of action.

Reversed as to directed verdict for defendant Foster-Sturdivant Co. on both causes of action.

Judges VAUGHN and MARTIN concur.