SHERRI R. SNIDER v. ANNE HOPKINS

No. 8426DC661

(Filed 5 March 1985)

**Contracts § 21— babysitting agreement—sufficiency of performance**

   Directed verdict was properly entered for plaintiff in an action on a worthless check where plaintiff had agreed to babysit for defendant's ten-year-old son, Ben, Thursday through Sunday; defendant had left a note indicating that Ben was to have a friend spend Friday night with him and suggesting that Ben would like pancakes and sausage for breakfast on Saturday and Sunday; Ben spent Friday evening with his friend's family at plaintiff's request; plaintiff did not feed Ben dinner on Friday night; plaintiff did not get up until noon on Saturday and Sunday, by which time Ben had fixed cereal for breakfast; and defendant had stopped payment on the check to plaintiff. Plaintiff's failure to serve Ben one dinner, to serve him the suggested menu for breakfast, and leaving him with a neighbor on Friday evening as opposed to letting the neighbor's child spend Friday night with Ben, do not constitute a substantial breach of the babysitting agreement.

   Chief Judge HEDRICK dissenting.

APPEAL by defendant from *L. Stanley Brown, Judge.* Judgment entered 2 March 1984 in District Court, MECKLENBURG County. Heard in the Court of Appeals 4 February 1985.

*No brief filed for plaintiff appellee.*

*Casstevens, Hanner & Gunter, by W. David Thurman, Jr. and Nelson M. Casstevens, Jr., for defendant appellant.*

BECTON, Judge.

Defendant is appealing from a directed verdict and judgment entered in plaintiff's favor. Plaintiff initiated this action in small claims court suing defendant on a worthless check for $90. Plaintiff alleged that she and defendant had verbally agreed to a fee of $90 in return for babysitting defendant's ten-year-old son from 7 October to 10 October 1982. The magistrate entered judgment in plaintiff's favor and defendant appealed to district court.

Defendant thereafter filed answer admitting that she had delivered a $90 check to plaintiff. She alleged that she stopped payment upon learning that plaintiff had breached the babysitting contract. She specifically alleged that plaintiff had breached the agreement by failing to babysit and be a companion for her son as

agreed upon; and that plaintiff had assigned her responsibilities of providing companionship to the child to others without the knowledge or consent of defendant.

At the conclusion of the jury trial, plaintiff moved for a directed verdict. The trial court allowed the motion and entered judgment in plaintiff's favor. The court concluded that the contractual obligations imposed upon plaintiff were to provide for the supervision, safety and welfare of defendant's child from 7 October through 10 October 1982; and that plaintiff did not materially or substantially breach such obligation. The court awarded plaintiff $90 plus interest.

Defendant argues that the trial court erroneously entered directed verdict in plaintiff's favor, since material issues of fact existed as to whether plaintiff performed her duties under the babysitting contract. We disagree. Even when the evidence is considered in the light most favorable to defendant, no such evidence of a substantial breach is shown.

Evidence for the defendant tended to show that plaintiff and defendant had an oral agreement whereby plaintiff agreed to babysit for defendant's ten-year-old son Thursday through Sunday in return for $90. Defendant left plaintiff a note indicating that her son Ben was to have a friend spend the night with him on Friday. The note asked plaintiff to "help Ben remember to water [the] outside plants?" and stated: "I'm sure he would like pancakes & sausage [for breakfast on] Sat. & Sun. . . ." The evidence further showed that plaintiff called the mother of Ben's friend and asked if Ben could spend Friday evening with her, so that plaintiff could have dinner with her family. The friend's mother agreed, but asked plaintiff to pick Ben up no later than 9:00 p.m. Plaintiff agreed to this, but did not return for Ben until 10:30 p.m. There was also evidence that plaintiff did not get up until noon on Saturday and Sunday; and that by that time Ben had already fixed cereal for breakfast. Ben testified that plaintiff did not feed him dinner Friday night, but defendant did not find out about that until two months after she stopped payment on the check. Plaintiff testified that she took Ben to her family's house on Saturday where they stayed past 9:00 p.m.; and that on Sunday she and Ben accompanied plaintiff's family and other families on a

picnic to King's Mountain, approximately 40 miles outside of Charlotte.

When considering a motion for a directed verdict, the court is required to view the evidence in the light most favorable to the non-movant, to resolve any inconsistencies in the non-movant's favor and to grant the motion only if the evidence is insufficient as a matter of law to support a verdict for the non-movant. *Freeman v. Development Co.*, 25 N.C. App. 56, 212 S.E. 2d 190 (1975). Here, the evidence was insufficient to support a verdict for defendant. Plaintiff's failure to serve Ben one dinner and to serve him the suggested menu of sausage and pancakes for breakfast, and her act of leaving Ben with a neighbor on Friday evening as opposed to letting the neighbor's child spend Friday night with Ben, do not constitute a substantial breach of the babysitting agreement.

Because plaintiff fulfilled her contractual obligation to provide for the supervision, safety and welfare of Ben, the directed verdict and judgment in plaintiff's favor is

Affirmed.

Judge EAGLES concurs.

Chief Judge HEDRICK dissents.

Chief Judge HEDRICK dissenting.

In my opinion, the evidence raises a factual issue which can only be determined by a jury as to whether the plaintiff breached her contract with the defendant. I vote to reverse the directed verdict for plaintiff and to remand the case for a new trial.