JERRY McCURRY v. REID WILSON AND WIFE, CAROLYN WILSON

No. 8724SC1054

(Filed 5 July 1988)

**Negligence § 59.3— injured person as licensee—handrail in disrepair—no violation of homeowner's duty of care owed to licensee**

Plaintiff, brother and brother-in-law to defendants, was a social guest in their home and therefore a licensee where plaintiff, who was experienced in home construction and remodeling, went to defendants' home at their invitation to see two new rooms they had added to their house, answered questions concerning the value of the work done, and stayed no more than five minutes; furthermore, defendants' conduct in failing to repair a handrail which gave way when plaintiff grabbed it to stop his fall did not amount to willful or wanton negligence, there was no evidence that defendants desired or intended to hurt plaintiff, and there was therefore no showing that defendants violated the duty of care owed to a licensee.

APPEAL by plaintiff from *Lamm, Judge.* Order entered 7 July 1987 in Superior Court, YANCEY County. Heard in the Court of Appeals 10 March 1988.

*Dennis L. Howell for plaintiff appellant.*

*Morris, Phillips & Cloninger, by William C. Morris, III, for defendant appellees.*

COZORT, Judge.

Plaintiff sued defendants for injuries plaintiff sustained when he slipped and fell off a stairway in defendants' home. Plaintiff appeals from entry of summary judgment for defendants, claiming there are genuine issues of fact for the jury to consider. We affirm.

Plaintiff is defendant Carolyn Wilson's brother and defendant Reid Wilson's brother-in-law. He lived next door to defendants at the time of the accident in October 1984. Plaintiff saw the defendants every day and would often visit with them in their home.

In October 1984, defendant Reid Wilson asked if plaintiff would like to see two new rooms defendant added to his house. Plaintiff agreed and toured the new rooms with defendant, staying in the house for approximately three to five minutes. At his

deposition, plaintiff made the following statement concerning the purpose of the visit:

Q. All right. But this wasn't a business meeting?

A. No.

Q. It was a social meeting?

A. Well, I don't know what you'd call it. He just asked me to go up there, and I went up there.

Q. But the purpose of your going up there was to see what he'd done to his house; is that right?

A. Uh-huh. (Affirmative)

Q. Did you do anything up there before your fall, on the day of this fall, other than go look at what he'd done to his house?

A. Huh-uh. (Negative)

Q. "No"?

A. No.

Walking down the stairs of defendants' deck, plaintiff slipped and fell on a step. As he fell, plaintiff reached for the handrail or banister to regain his balance. The handrail gave way when plaintiff grabbed it and plaintiff fell to the ground, hitting steps as he fell. Defendant Reid Wilson was in front of plaintiff as they headed down the stairs and did not see plaintiff fall.

Plaintiff alleged in his complaint that defendants were negligent and reckless because they failed to maintain the steps and handrail and failed to warn plaintiff that the handrail was rotten and worn. Defendant Reid Wilson testified by deposition that he knew that where the handrail was attached to the bottom step the wood was rotten and needed to be replaced. Defendants filed a motion for summary judgment which was granted by the trial court. Plaintiff appeals.

Summary judgment is proper where there is no genuine issue of material fact and where one party is entitled to judgment as a matter of law. Rule 56(c), N.C. Rules of Civ. Proc. In a case where the "plaintiff will not at trial be able to make out at least a *prima*

*facie* case, defendant is entitled to summary judgment." *Mims v. Mims*, 305 N.C. 41, 56, 286 S.E. 2d 779, 789 (1982) (citation omitted). The evidence is viewed in the light most favorable to the plaintiff. *Brisson v. Williams*, 82 N.C. App. 53, 55, 345 S.E. 2d 432, 434, *disc. rev. denied*, 318 N.C. 691, 350 S.E. 2d 857 (1986). Nevertheless, there is ample authority for this Court to determine plaintiff's status as a matter of law and to affirm summary judgment where there is no evidence of negligence. *See Martin v. City of Asheville*, 87 N.C. App. 272, 360 S.E. 2d 467 (1987).

To determine whether the trial court erred in granting summary judgment for defendants, we must determine whether there is any factual dispute as to the status of the plaintiff as an invitee or a licensee. If there is not, we must determine whether there is any factual dispute concerning the defendants' conduct relative to the appropriate standard of care.

A licensee is one who goes on another's property with the owner's consent "who is permitted, expressly or impliedly, to go thereon merely for his own interest, convenience or gratification." *Pafford v. Construction Co.*, 217 N.C. 730, 735, 9 S.E. 2d 408, 411 (1940). A social guest in a person's home is a licensee. *Murrell v. Handley*, 245 N.C. 559, 562, 96 S.E. 2d 717, 720 (1957). One's status does not change from licensee to invitee simply because he renders some minor or incidental service for his host. *Id.*, 96 S.E. 2d at 720. This Court has held, for example, that one's status as a social guest was not changed simply because the plaintiff was injured while unloading a truckload of food into defendant's house. *Beaver v. Lefler*, 8 N.C. App. 574, 576, 174 S.E. 2d 806, 807 (1970). This Court reasoned that, as friends and neighbors for seven years, plaintiff and defendant had helped each other many times with household chores. Helping unload food was merely one neighbor reciprocating to the other neighbor for help he had received. *Id.*, 174 S.E. 2d at 807.

An invitee has been defined as one who, by express invitation, renders a service of direct and substantial benefit to his host. *Mazzacco v. Purcell*, 303 N.C. 493, 497, 279 S.E. 2d 583, 587 (1981). In *Mazzacco*, plaintiff, a former part-time professional tree remover in New Jersey, was asked by his sister to travel to North Carolina to help her and her husband remove trees from their rental property. *Id.* at 494, 279 S.E. 2d at 585. Plaintiff

helped remove two large pine trees and was injured while he was attempting to remove a large oak tree which would likely damage the roof of the house if not removed. *Id.*, 279 S.E. 2d at 585. The Supreme Court held that plaintiff was an invitee of defendants because "[t]his service was of direct and substantial benefit to defendants in maintaining and improving their rental property." *Id.* at 498, 279 S.E. 2d at 587. Plaintiff contends that defendant Reid Wilson knew of plaintiff's vast experience in home construction and remodeling. Plaintiff argues that defendant Wilson called plaintiff over to his house to ask plaintiff's opinion on the quality of workmanship defendant received and to find out whether defendants got "a good deal" for what they paid. Plaintiff alleges that he conveyed a direct and substantial benefit to defendants and because of that benefit, plaintiff should be considered an invitee. We disagree.

All the evidence below shows that plaintiff was a licensee. The forecast of evidence tends to show that plaintiff was a social guest in defendants' home. Any services performed by plaintiff were minor and incidental to his status as a social guest. Plaintiff, defendant Carolyn Wilson's brother, lived next door to defendants and saw defendants socially many times. On this particular occasion, defendant Reid Wilson asked if plaintiff would like to see the renovations done on defendants' home. Plaintiff looked over the two new rooms, answered questions concerning the value of the work done and left to return home. Plaintiff stayed no more than five minutes. Plaintiff testified at deposition that he did not go to defendants' house for a business meeting. Other than looking over the remodeling and making a few comments, plaintiff said he did nothing else. Unlike the *Mazzacco* case, plaintiff here did nothing tending to increase the value of defendants' home. Therefore, we conclude that the nature of business that brought plaintiff to defendants' home was social. *Pafford*, 217 N.C. at 735, 9 S.E. 2d at 411. Any benefit conferred to defendants by plaintiff giving his opinion on the value of the remodeling was incidental to plaintiff's status as a social guest.

We next determine whether defendants followed the duty of care owed to a licensee. The duty of care to a licensee is simply stated: "The duty imposed is to refrain from doing the licensee willful injury and from wantonly and recklessly exposing him to danger." *Pafford*, 217 N.C. at 736, 9 S.E. 2d at 412 (1940). The

terms "wanton and willful" have been described as one knowing the probable consequences of his actions but acting indifferently to the outcome of his actions. *Wagoner v. N.C. Railroad Co.*, 238 N.C. 162, 168, 77 S.E. 2d 701, 705-06 (1953).

We find no evidence that defendants' conduct amounted to willful or wanton negligence. There is no evidence that defendant Reid Wilson desired or intended to hurt plaintiff. There was evidence that defendant knew the wood was rotten where the handrail was attached to the bottom step. Knowledge of this condition does not rise to recklessness. It may have been unreasonable for defendant either to fail to repair the handrail or to warn people of its poor condition. Reasonableness is a standard of ordinary negligence. *Watson v. Stallings*, 270 N.C. 187, 193, 154 S.E. 2d 308, 312 (1967). Finding no evidence of willful or wanton negligence, we hold the trial court correctly granted summary judgment for defendants. The trial court's order is

Affirmed.

Judges EAGLES and SMITH concur.