BASIL S. HARRIS, PLAINTIFF v. THE PROCTER & GAMBLE MANUFACTUR-
ING COMPANY, DEFENDANT

No. 9018SC840

(Filed 19 March 1991)

**Libel and Slander § 10 (NCI3d)— employee's suspected drug in-
volvement—discharge—details communicated to employees—
no abuse of qualified privilege**

Where plaintiff was dismissed from his employment with defendant because of suspected involvement with drugs, plaintiff did not show that defendant exceeded the scope of its qualified privilege by communicating the details of his discharge to all employees in the Greensboro facility and to those away at the Cincinnati facility, since plaintiff offered no evidence of actual malice or excessive publication.

**Am Jur 2d, Libel and Slander §§ 116, 275.**

**Libel and slander: privileged nature of communications to other employees or employees' union of reasons for plaintiff's discharge. 60 ALR3d 1080.**

APPEAL by plaintiff from *Freeman (William H.), Judge*. Order entered 10 May 1990 in Superior Court, GUILFORD County. Heard in the Court of Appeals 18 February 1991.

This is a civil proceeding wherein plaintiff alleged intentional infliction of emotional distress, negligence and defamation of character (slander and libel) by defendant, Procter & Gamble. The record on appeal tends to show that plaintiff was employed by defendant at its Guilford County facility on or about 8 June 1981. Mr. J. R. (Roy) Thornton was the plant manager in charge of this

facility. Mr. Thornton focused his energy on "sound business and human relations principles" thus creating a teamwork type of environment at the facility. Sometime in the fall of 1988, Thornton became concerned that the facility and its employees were not drug free. Mr. Thornton solicited help with this problem from the Procter & Gamble headquarters in Cincinnati. Mr. Joe Corry came to the facility to conduct an investigation and inquiry. Following his arrival, notice of his presence and purpose was given to employees. Following this notice, Mr. Corry conducted interviews with several employees including plaintiff, and inquired about drug use in the facility. Plaintiff denied any involvement with drugs and any knowledge of other employees using drugs. Two managers were present during the interviews with Corry. Sometime after the interviews, plant management called a meeting to discuss the results and propose actions based on the results. Managers were informed of individuals suspected to be involved with drugs. After this discussion, management concluded that eight people should be discharged, including plaintiff. Upon arriving at work on 12 December 1988, plaintiff was informed of his discharge and escorted to the employee exit. Employees at the facility were told the names of the eight discharged employees and the reason for discharge from a "talk sheet" where the statement was written. Company employees away from the plant were called and informed of the discharges as well. Employees were told not to discuss information dealing with the discharges as this might lead to legal exposure for the employees. Plaintiff filed a complaint against defendant 1 February 1989 in Guilford County Superior Court. Defendant filed a motion for summary judgment 27 April 1990. From an order granting summary judgment entered 10 May 1990, plaintiff appealed.

*Romallus O. Murphy for plaintiff, appellant.*

*Smith Helms Mulliss & Moore, by Martin N. Erwin and Michael A. Gilles, for defendant, appellee.*

HEDRICK, Chief Judge.

Plaintiff's sole argument on appeal is that the trial court erred in granting defendant's motion for summary judgment. Plaintiff argues the evidence shows that a genuine issue of material fact existed and, therefore, defendant is not entitled to judgment as a matter of law. We disagree.

**HARRIS v. PROCTER & GAMBLE**

[102 N.C. App. 329 (1991)]

Plaintiff concedes that defendant was entitled to a qualified privilege concerning the communication that plaintiff had been discharged. However, plaintiff argues defendant exceeded the scope of his qualified privilege by communicating the details of his discharge to all employees in the Greensboro facility and those away at the Cincinnati facility.

"Summary judgment is the device whereby judgment is rendered if the pleadings, depositions, interrogatories, and admissions on file, together with any affidavits show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *Johnson v. Insurance Co.*, 300 N.C. 247, 252, 266 S.E.2d 610, 615 (1980); N.C. R. Civ. P. 56. In determining whether summary judgment is proper, the court must view the evidence in the light most favorable to the nonmoving party, giving to it the benefit of all reasonable inferences and resolving all inconsistencies in its favor. *Freeman v. Development Co.*, 25 N.C. App. 56, 212 S.E.2d 190 (1975).

A qualified or conditionally privileged communication is one made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a right or duty, if made to a person having a corresponding interest or duty on a privileged occasion and in a manner and under circumstances fairly warranted by the occasion and duty, right or interest.

*Stewart v. Check Corp.*, 279 N.C. 278, 285, 182 S.E.2d 410, 415, (1971), quoting, 50 Am. Jur.2d Libel and Slander section 195 (1970).

The essential elements for the qualified privilege to exist are good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion and publication in a proper manner and to proper parties only. *Id.* Even though a qualified privilege may provide a defense to a defamation action, if this privilege is found to be abused, it ceases to exist. *Alpar v. Weyerhaeuser Co.*, 20 N.C. App. 340, 201 S.E.2d 503, *cert. denied*, 285 N.C. 85, 203 S.E.2d 57 (1974).

"The qualified privilege may be lost by proof of actual malice on defendant's part or by excessive publication." *Id.* at 346, 201 S.E.2d at 508. The evidentiary matter offered in support of the motion for summary judgment discloses, and plaintiff concedes, that the defendant had a qualified privilege with respect to com-

munications concerning plaintiff's discharge. Plaintiff did not show actual malice nor excessive publication merely by presenting evidence that the defendant told all facility employees about his dismissal and facts relating to his dismissal. Once defendant had offered evidence disclosing the qualified privilege the burden was on plaintiff to offer some evidence that the publication was malicious or excessive.

Plaintiff has offered nothing to raise a genuine issue of material fact with respect to malice or excessive publication. Summary judgment for the defendant was proper and will be affirmed.

Affirmed.

Judges COZORT and LEWIS concur.