CARMEN P. GRAY AND HUSBAND, BILLY GRAY, PLAINTIFFS v. LYNDON F. SMALL AND WIFE, LYNN McQUEEN SMALL, DEFENDANTS

No. 901SC1287

(Filed 1 October 1991)

**Negligence § 59.3 (NCI3d) — guest in home — fall on steps — summary judgment for defendants**

> Summary judgment for defendants was proper in an action arising from plaintiff Carmen Gray's fall on defendants' steps as she was leaving defendants' house after delivering a present. The record shows that plaintiffs were social guests in defendants' home and therefore held the status of licensees; the forecast of evidence raises at most issues as to defendants' ordinary or passive negligence and does not raise an issue of gross negligence.

> **Am Jur 2d, Premises Liability §§ 159, 396, 402-404.**

> **Liability for injury to guest in home or similar premises. 25 ALR2d 598.**

Judge PHILLIPS dissents.

APPEAL by plaintiffs from *Brown (Frank R.), Judge.* Order entered 26 September 1990 in Superior Court, DARE County. Heard in the Court of Appeals 26 August 1991.

This is a civil action wherein plaintiffs seek damages for personal injuries allegedly resulting from defendants' negligence in the maintenance of their home. The evidentiary matter offered in support of and in opposition to the motions for summary judgment disclose that plaintiffs went to defendants' home for the purpose of delivering a gift to one of defendants' children. Plaintiffs ascended a small set of stairs and entered the house through the back door. After a short visit with defendants, plaintiffs exited through the back door and descended the stairs. The female plaintiff stepped on grass that was on the step and fell, injuring her ankle and foot.

Both parties filed motions for summary judgment. From a order granting summary judgment for the defendants, plaintiffs appealed.

GRAY v. SMALL

[104 N.C. App. 222 (1991)]

*Twiford, O'Neal & Vincent, by Russell E. Twiford and Edward A. O'Neal, for plaintiff, appellants.*

*Hornthal, Riley, Ellis & Maland, by L. P. Hornthal, Jr., for defendant, appellees.*

HEDRICK, Chief Judge.

Plaintiffs' sole argument on appeal is that the trial court erred in granting defendants' motion for summary judgment.

Summary judgment is proper when the pleadings, depositions and admissions on file, together with any affidavits show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law. *Johnson v. Phoenix Mut. Life Ins. Co.,* 300 N.C. 247, 266 S.E.2d 610 (1980). N.C. R. Civ. P. 56. In determining whether summary judgment is proper, the court must view the evidence in the light most favorable to the non-moving party, giving to it the benefit of all reasonable inferences and resolving all inconsistencies in its favor. *Freeman v. Sturdivant Dev. Co.,* 25 N.C. App. 56, 212 S.E.2d 190 (1975).

The record shows that plaintiffs were social guests in defendants' home and therefore, held the status of licensees. "The duty of care owed to a licensee by an owner or possessor of land ordinarily is to 'refrain from doing the licensee willful injury and from wantonly and recklessly exposing [her] to danger.'" *DeHaven v. Hoskins,* 95 N.C. App. 397, 400, 382 S.E.2d 856, 858, *cert. denied,* 325 N.C. 705, 388 S.E.2d 452 (1989) (quoting *McCurry v. Wilson,* 90 N.C. App. 642, 369 S.E.2d 389 (1988)). "It follows that, as a general rule, the owner . . . is not liable for injuries to licensees due to the *condition* of the property, or . . . due to *passive negligence or acts of omission.*" *Id.* at 400, 382 S.E.2d 858 (*quoting, Pafford v. J. A. Jones Constr. Co.,* 217 N.C. 730, 9 S.E.2d 408 (1940)) (emphasis in original).

The record in this case affirmatively establishes that plaintiffs were social guests, licensees, in the home of defendants when the female plaintiff slipped and fell as she and her husband exited defendants' premises. Thus, summary judgment for defendants would be improper if the evidentiary matter offered in support of or in opposition to the motions for summary judgment raised genuine issues of material fact with respect to defendants' gross negligence

or willful or wanton conduct causing the injuries of which plaintiffs' complained.

The forecast of evidence in this record raises at most issues as to defendants' ordinary or passive negligence. No issue is raised as to defendants' gross negligence. Thus, summary judgment for defendants was proper.

Affirmed.

Judge ARNOLD concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In my opinion the rules of law stated by the majority do not apply to plaintiffs' case. Plaintiff does not allege that she was injured by a condition of the premises that existed when she got there, in which event the host's gross negligence or willful and wanton conduct would have to be shown. Her claim is that she was injured because after her arrival on the premises defendants actively increased the hazard to her by negligently causing grass to accumulate on the steps. This basis for imposing liability on a host property owner has been approved in many cases starting with *Jones v. Southern Railway Co.*, 199 N.C. 1, 153 S.E. 637 (1930). *Also see* Prosser and Keeton, The Law of Torts Sec. 60, p. 416 (5th ed. 1984).

In my view plaintiffs' affidavits raise an issue of fact as to defendants' active negligence in increasing the hazard to the femme plaintiff after she got on the property and the summary judgment should be reversed.